<u>NOT FOR PUBLICATION</u>

```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MARY JANE CALIENDO, <u>et al.</u>, | HONORABLE JEROME B. SIMANDLE |
| Plaintiffs, | CIVIL NO. 03-5145 (JBS) |
| v. | **<u>OPINION</u>** |
| TRUMP TAJ MAHAL ASSOCIATES, <u>et al.</u>, | |
| Defendants. | |

APPEARANCES:

Mary Jane Caliendo
1520 Massachusetts Avenue
Arlington, MA 02476
    Plaintiff <u>PRO</u> <u>SE</u>

Anthony R. Caliendo
1520 Massachusetts Avenue
Arlington, MA 02476
    Plaintiff <u>PRO</u> <u>SE</u>

Joel Chipkin, Esq.
Russell L. Lichtenstein, Esq.
COOPER, LEVENSON, APRIL, NIEDELMAN & WAGEN
1125 Atlantic Avenue
Third Floor
Atlantic City, NJ 08401-4891
    Attorney for Defendant Trump Taj Mahal Associates d/b/a
    Trump Taj Mahal Casino Resort Hotel and Defendant Trump
    Casinos, Inc.

**Simandle, District Judge:**

**I.   INTRODUCTION**

　　This matter comes before the Court on the motion of

Defendant Trump Taj Mahal Associates d/b/a Trump Taj Mahal Casino

Resort Hotel ("Trump Taj Mahal" or "Defendant") for summary judgment [Docket Item 30]. For the reasons explained below, the Court will deny the motion in part and grant it in part.

## II.  MOTION FOR SUMMARY JUDGMENT

### A.  Standard

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law. Id. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. Id. In deciding whether there is a disputed issue of material fact, a court must view the evidence in favor of the non-moving party by extending any reasonable favorable inference to that party; in other words, "the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they

may reasonably be resolved in favor of either party." <u>Liberty Lobby</u>, 477 U.S. at 250; <u>Brewer v. Quaker State Oil Ref. Corp.</u>, 72 F.3d 326, 329-30 (3d Cir. 1995) (citation omitted).  The moving party always bears the initial burden of showing that no genuine issue of material fact exists, regardless of which party would have the burden of persuasion at trial.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986); <u>Country Floors v. Partnership of Gepner and Ford</u>, 930 F.2d 1056, 1061-63 (3d Cir. 1991).

**B.   Factual Background**

With this standard in mind, the Court turns to the facts of this case, viewed in favor of the plaintiffs, as required in a summary judgment motion by defendants.  Plaintiff Mary Jane Caliendo and her husband, Plaintiff Anthony Caliendo, were overnight guests staying at the Trump Taj Mahal Hotel on September 16 and 17, 2002.  While showering in her hotel room, Mary Jane slipped and fell in the tub, injuring herself. Allegedly, the bathmat slipped out from under her feet and gathered "like an accordion" when Mary Jane was reaching for a towel on the rim of the tub.  At her deposition, Mary Jane said that the tub was draining slowly and that there was an accumulation of about 1 ½ inches of water on the bottom of it. She claims that the accumulation of water caused the bathmat to loosen and to slip out from under her.  Plaintiffs also theorize that Mary Jane would not have been injured if the mat or grab

bars in the tub were larger, the grab bars placed in better positions, or the tub furnished with a skid-proof bottom. Plaintiffs also allege that if Defendant had inspected the bathroom properly, Defendant would have noticed the tub was not draining well.  Defendant's failure to furnish the bathroom with appropriate safety "accessories" (Compl. at ¶ 7) or to properly maintain drainage in the bathtub was negligent, according to Plaintiffs, and caused Mary Jane's injuries.

Plaintiffs have not procured an expert, but have come forward with evidence tending to show that Taj Mahal does not regularly inspect the drainage in its rooms.  Taj Mahal cannot say when the showers or drains were last inspected in the room that the Caliendos occupied.  Plaintiffs argue, further, that no expert testimony is required to establish that a bathtub is slippery when wet and that, if Plaintiffs' description of the bathroom is believed, that Taj Mahal breached its duty of reasonable care.

### C.   Discussion

Defendant argues that Plaintiffs have no evidence of (1) breach, (2) any dangerous condition in the bathtub created by Defendant or of which Defendant should have been aware, or (3) that Defendant was the proximate cause of Mary Jane's injuries. Plaintiff argues that because the bathroom was in Taj Mahal's control, the evidence of unexplained accumulation of water in the

4

bathtub and of cursory bathroom inspections "gives rise to the presumption, that the accumulation was due to the lack of inspections and improper maintenance of the tub drain." (Pl. Br. at 1.) Furthermore, Plaintiffs argue, the Hotel owes a heightened duty of care to elderly persons, such as Mary Jane Caliendo. (Pl. Br. at 2.)

The parties agree that the Caliendos were business invitees of the Taj Mahal during their stay and that the Taj Mahal owed them a duty of reasonable care. Indeed, in New Jersey the duty a landowner owes to a business invitee is "a duty of reasonable care to guard against any dangerous conditions on [the] property that the owner either knows about or should have discovered. That standard of care encompasses the duty to conduct a reasonable inspection to discover latent dangerous conditions." Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 434 (1993) (citing Handleman v. Cox, 39 N.J. 95, 111, 187 A.2d 708 (1963)). "The owner or operator of a hotel is under a duty to exercise ordinary care to render the premises reasonably safe for the use of its guests." Wolfe v. Chateau Renaissance, 141 N.J. Super. 59, 63 (App. Div. 1976) (citing Ball v. Atlantic City Ambassador Hotel Corp., 57 A.2d 362, 363 (N.J. 1947)). "The proprietor of premises to which the public is invited for business purposes of the proprietor owes a duty of reasonable care to those who enter the premises upon that invitation to provide a reasonably safe

place to do that which is within the scope of the invitation." Butler v. Acme Markets, Inc., 89 N.J. 270, 275 (1982).

However, Plaintiff must make out a case that Defendant breached this duty and caused her fall and injuries before the jury is permitted to consider the matter.

> [T]he issue of a defendant's liability cannot be presented to the jury simply because there is some evidence of negligence. "There must be evidence or reasonable inferences therefrom showing a proximate causal relation between defendant's negligence, if found by the jury," and the resulting injury. Germann v. Matriss, 55 N.J. 193, 205, 260 A.2d 825 (1970).
>
> Similarly, Prosser and Keeton on the Law of Torts states that
>
>> [t]he plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant.
>>
>> [W. Page Keeton et. al., Prosser & Keeton on the Law of Torts, § 41, at 269 (5th ed. 1984) ( Prosser & Keeton).]
>
> Thus, absent "proof of cause, there is no connection between the injury complained of and the fault of anyone." J.D. Lee & Barry A. Lindahl, Modern Tort Law: Liability and Litigation, § 4.01, 127 (rev. ed.2000).

Reynolds v. Gonzalez, 172 N.J. 266, 284 (2002).

Plaintiffs are not compelled to supply expert testimony to proceed on their claim of negligence as to the dangerous condition caused by the undue water accumulation in this case.[1] "In general, expert testimony is required [only] when 'a subject is so esoteric that jurors of common judgment and experience cannot form a valid conclusion.'" Hopkins, 132 N.J. at 450 (quoting Wyatt by Caldwell v. Wyatt, 217 N.J. Super 580 (App. Div. 1987), which held that testimony indicating cause of accident was defective brakes was inadmissible without expert testimony). Here, Plaintiff claims that the accumulation of water in the bathtub created a dangerous condition in the tub that caused her to fall. Specifically, she alleges that the bathmat slipped out from under her because the tub was not draining properly. In addition, Plaintiff has come forward with

---

[1] However, the Court must grant Taj Mahal's motion with respect to Plaintiffs' claims that the bathmat was improperly designed and that the grab bars should have been designed or placed differently, for lack of an expert opinion. "Generally, in tort actions, expert testimony is indispensable only when the matter to be dealt with is so esoteric that jurors of common judgment and experience cannot form a valid judgment about it." J.W. v. L.R., 325 N.J. Super. 543, 547 (App. Div. 1999)(citing Devlin v. Johns-Manville Corp., 202 N.J. Super. 556, 495 A.2d 495 (Law Div. 1985), which explained that expert testimony is not required for jury to consider extent to which cancer caused plaintiff to suffer fear but was required to permit jury to consider whether plaintiff suffered from condition known as cancerphobia). Plaintiff's allegations about proper design and construction are matters beyond lay witness experience and jurors cannot form valid judgments about them without the assistance of a technical expert.

evidence tending to show Taj Mahal does not regularly inspect the drains in its hotel's tubs.  These matters are not so esoteric as to be beyond the ken of a lay jury.

Mrs. Caliendo's testimony is competent evidence that the unusual accumulation of water in the tub while showering caused her to fall.  It is for the jury to decide, based on its common experience, whether the slow drain combined with the bathmat to create a dangerous condition (i.e., an unusual slipperiness in the bathtub) and whether that condition caused Plaintiff's fall and injuries.  Hopkins, 132 N.J. at 450-51 (jury must decide whether floor at two different levels covered in same carpeting is dangerous condition).  Although the matter is closely poised, there is a genuine issue of material fact whether the undue accumulation of water in the bathtub caused the bathmat to lose suction and Mary Jane to fall.  If so, a reasonable jury could find that Taj Mahal negligently failed to inspect the drains of its tubs, thus breaching its duty of care to guard against dangerous conditions on its property that it should have discovered.

As to the remaining claims of negligent bathroom design, Plaintiffs' failure to proffer expert opinion testimony is fatal to their claim.  For example, Plaintiffs' allegation that the bathmat should have been designed differently, or that the grab bars were inadequately designed or configured, are matters beyond

8

lay witness experience and require the specialized knowledge of a design or safety expert.  See, e.g., Giantonnio v. Taccard, 291 N.J. Super. 31, 44 (App. Div. 1996)(expert testimony critical to claim that defendant breached duty of care required for safe conduct of funeral procession); Wyatt, 217 N.J. Super. at 591-92 (App. Div. 1987)("Without expert testimony, the record does not disclose whether a leak of brake fluid or a worn brake pad could lead to sudden brake failure, or whether either of these conditions could have been caused by the accident itself or by operation of the vehicle after the accident. Therefore, by allowing [a lay witness] to testify concerning his observations of the car after the accident, the trial judge permitted the jury to draw inferences which it was not qualified to draw.").  See also Sparrow v. La Cachet, Inc., 305 N.J.Super. 301, 304-05 (App. Div. 1997) (Plaintiff in products liability action who failed to present evidence as to when the machine was manufactured, whether it was purchased new or used, whether it was properly maintained the machine, or whether the machine was properly used "did not present evidence from which a trier of fact could infer without supporting expert testimony that the machine was defective when distributed.").[2]

---

[2] Similarly, the New Jersey courts have encouraged the use of experts to make out a prima facie case that a product was improperly designed:

> Generally, the fact-finder is required to perform a

9

For those reasons, the Court will deny Taj Mahal's motion for summary judgment as to negligence and causation arising from the undue accumulation of water.  Viewing all facts in Plaintiffs' favor, a reasonable jury could find that the tub was not "reasonably safe" to shower in due to an unexpectedly slippery condition.  Defendant has come forward with no case law to the contrary.

However, the Court will grant Taj Mahal's motion with respect to Plaintiff's claims that the bathmat was improperly designed and that the grab bars should have been designed or

---

    risk-utility analysis in order to determine whether a product is defective in its design. In performing a risk-utility analysis, an expert opinion is ordinarily relied upon to establish a reasonable alternative design. <u>Green v. General Motors Corp.</u>, 310 N.J. Super. 507, 517-18, 709 A.2d 205 (App. Div.), <u>certif. denied</u>, 156 N.J. 381, 718 A.2d 1210 (1998); <u>Smith v. Keller Ladder Co.</u>, 275 N.J. Super. 280, 286, 645 A.2d 1269 (App. Div.1994).  Expert testimony is required when the subject matter to be dealt with "is so esoteric that jurors of common judgment and experience cannot form a valid judgment as to whether the conduct of the party was reasonable." <u>Butler v. Acme Markets, Inc.</u>, 89 N.J. 270, 283, 445 A.2d 1141 (1982).  Where the case involves a complex instrumentality, expert testimony is needed in order to help the fact-finder understand "the mechanical intricacies of the instrumentality" and help to exclude other possible causes of the accident. <u>Jimenez v. GNOC, Corp.</u>, 286 N.J. Super. 533, 546, 670 A.2d 24 (App. Div.), <u>certif. denied</u>, 145 N.J. 374, 678 A.2d 714 (1996).

<u>Rocco v. N.J. Transit Rail Operations</u>, 330 N.J. Super. 320, 341 (App. Div. 2000).  The proper placement of handrails in a bathtub is a matter of architectural expertise that is beyond the ken of an average juror.

placed differently, because without an expert opinion, Plaintiff has not come forward with any showing from which a reasonable jury could conclude this was so.

### III. CONCLUSION

For the foregoing reasons, the Court shall deny the motion of Defendant, Taj Mahal, for summary judgment as to Plaintiffs' claim that the water drainage and undue accumulation negligently caused her injury.  The Court shall grant the motion and enter summary judgment for Defendant upon all other claims of negligence, including that the bathmat was improperly designed and that the grab bars should have been designed or placed differently.  An accompanying Order shall be entered.


**December 13, 2006**               **s/ Jerome B. Simandle**
Date                                 JEROME B. SIMANDLE
                                     U.S. District Judge