[Not for Publication] [Doc. No. 38]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| MARY JANE CALIENDO AND ANTHONY R. CALIENDO, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil No. 03-5145(JBS) |
| | : | |
| TRUMP TAJ MAHAL ASSOCIATES d/b/a TRUMP TAJ MAHAL CASINO RESORT HOTEL and TRUMP CASINOS, INC., | : | |
| | : | |
| Defendants. | : | |

## OPINION AND ORDER

This matter is before the Court upon the Motion to Transfer Venue [Doc. No. 38] filed by *pro se* Plaintiffs, Mary Jane Caliendo and Anthony R. Caliendo.[1] Plaintiffs seek to transfer venue in this matter to the District Court of New Jersey, Newark Vicinage, or an unnamed court in the District of New York. Plaintiffs argue that they currently reside in Arlington, Massachusetts and would like to transfer this case to a venue further north. They further argue that they are elderly and traveling the long distance to Camden, New Jersey is a hardship and that traveling in the winter months is hazardous. Finally, Plaintiffs argue that there is a great disparity in the distances that each party must travel to appear before this court and transferring the venue further north will address this disparity.

This case arises out of an accident that occurred in Defendants' hotel and casino in

---

[1] Plaintiffs previously filed a Motion to Transfer Venue on November 4, 2004 [Doc. No. 18]. This matter was administratively terminated on November 30, 2004 without the Court ever deciding Plaintiffs' previous Motion [Doc. No. 22].

Atlantic City, New Jersey on September 19, 2002. Factual discovery in the case is complete and the parties will shortly be filing their final pretrial order. A final trial date has not yet been set.

Defendants, Trump Taj Mahal Associates d/b/a Trump Taj Mahal Casino Resort Hotel and Trump Casino, Inc., oppose Plaintiffs' Motion. Defendants argue that factual discovery in this matter is complete and that Plaintiff, Mary Jane Caliendo, has already appeared for a defense medical examination in Voorhees, New Jersey. Defendants further argue that Plaintiffs chose Camden, New Jersey as the venue for trial when they filed their Complaint on October 30, 2003. Finally, Defendants argue that Plaintiffs' request to transfer this matter to the Newark Vicinage or a court in the District of New York is without merit and improper.

A court may transfer venue to any other district or division in which the case may have been brought for the convenience of the parties and witnesses or in the interest of justice. 28 U.S.C. §1404(a). The burden of establishing the need for transfer rests with the movant. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). In deciding motions to transfer venue pursuant to 28 U.S.C. §1404(a), courts should examine "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." Id. (quoting 15 Wright, Miller & Cooper §3847). The Court must consider both private and public interests. The relevant private interest factors to consider are: (1) the parties' preferences; (2) whether the claim arose elsewhere; (3) the convenience of the parties; (4) the convenience of the witnesses; and (5) the location of books or records. Id. The public interests include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easier or more efficient; (3) the relative administrative difficulties in the forums because of court congestion; (4) the local interest in deciding local controversies in a local venue; (5) public policy considerations; and (6) the familiarity of the trial

judge with the applicable state law.  Id. at 879-80.  "Mere inconvenience or additional expense is not the test for unreasonableness."  Danka Funding, LLC v. Page, Scranton, Sprouse, Tucker & Ford, P.C., 21 F.Supp.2d 465, 471 (D.N.J. 1998)(quoting Central Contracting Co. v. Maryland Casualty Co., 367 F.2d 341, 344 (3d Cir. 1966)).

Plaintiffs chose the Camden Vicinage when they filed their Complaint.  Plaintiffs now seek to transfer this case away from their chosen venue and propose an unnamed court in the District of New York or the Newark Vicinage as possible alternative venues.  However, neither proposed venue warrants transferring this case out of Camden, New Jersey.  The District of New York is not a more convenient forum and, based on the information available to this Court at the present time, it is not a certainty that the District of New York would have jurisdiction over all Defendants. Also, transferring this matter to the Newark Vicinage does not provide Plaintiffs with enough substantial relief from any alleged hardship or inconvenience to justify transferring the case at this late stage of the litigation.  Since Plaintiffs live in Massachusetts, a trial in Newark would be nearly as inconvenient for them as a trial in Camden.

In addition, this vicinage has the most substantial contacts with this case.  The accident in question took place at Defendants' hotel, Trump Taj Mahal, in Atlantic City , New Jersey. Defendants' witnesses and experts reside or work in this Vicinage.  (See Exhibit B to Defendants' Opposition to Plaintiff's Motion at 3).  Other than Plaintiffs and Plaintiffs' two experts, it is unknown where any of Plaintiffs' other possible witnesses reside.  Given the advanced stage of this litigation, Plaintiffs are also unlikely to have to return to Camden before the final pretrial conference.  Further, the trial judge has discretion to schedule trial at a date and time to minimize the inconvenience to Plaintiffs.  The Court is not unsympathetic to the fact that Plaintiffs may have to drive from Massachusetts to attend trial.  However, this is not a sufficient

reason to justify transferring the case.

Based upon the foregoing, the Court finds that Plaintiffs have failed to prove an undue hardship or inconvenience to warrant transferring this case.  Accordingly,

IT IS on the 8th day of February 2007

ORDERED that Plaintiffs' Motion to Transfer Venue is DENIED.

/s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge