[Doc. No. 48]

```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
                    CAMDEN VICINAGE
```

| | |
|---|---|
| MARY JANE CALIENDO, et al.,<br><br>     Plaintiff,<br><br>v.<br><br>TRUMP TAJ MAHAL ASSOCIATES,<br><br>     Defendant. | Civil No. 03-5145 (JBS) |

## OPINION AND ORDER

This matter is before the Court on plaintiffs' "Motion for Appointment of Expert Medical Expert under Rule 706 Fed. R. of Evidence and/or Allowance to Depose a Medical Expert Witness." [Doc. 45]. For the reasons to be discussed, plaintiffs' Motion is DENIED.

This case arises out of a fall down accident that occurred in defendant's hotel and casino in Atlantic City, New Jersey, on September 19, 2002. Plaintiff Mary Jane Caliendo alleges that while showering in her hotel room, she slipped and fell in the tub, injuring herself. Fact discovery in the case is complete. Plaintiffs' expert reports were due on March 23, 2007. [Doc. 40, ¶1]. The Final Pretrial Conference is scheduled for May 29, 2007.

Plaintiffs' Motion alleges that they, "have been unsuccessful in locating a medical expert witness in the Camden Vicinage to appear in court and give testimony at the trial of plaintiffs' case." See Doc. 45, ¶1. Plaintiffs ask for a court-appointed expert pursuant to Fed. R. Evid. 706. In the alternative, plaintiffs request "this Honorable Court To [sic] allow the

deposition of any medical expert who agrees to be deposed by the plaintiffs."

Pursuant to Fed. R. Evid. 706 this Court has the authority to appoint an expert to testify at trial. Specifically, the Rule states: "[t]he court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed, and may request the parties to submit nominations. The court may appoint any expert witnesses agreed upon by the parties, and may appoint expert witnesses of its own selection." This Court has "broad discretion" to appoint an independent expert. Ford v. Mercer County Correctional Center, 171 Fed. Appx. 416, 420 (3d Cir. 2006); In re: Rite Aid Corp. Sec. Litig., 396 F.3d 294, 299-300 (3d Cir. 2005). The policy behind Rule 706 is to promote the jury's fact finding ability. Ford, 171 Fed. Appx. at 420. However, as noted by a leading authority, "the exercise of Rule 706 powers is rare under virtually any circumstances." Wright and Gold, Federal Practice and Procedure Evidence, §6304, p. 469. This is caused by the fact that court-appointed experts increase the burdens on the court, increase the costs of the parties and interfere with the adversarial control over the presentation of evidence. Id.

Plaintiffs have not established good cause to necessitate a court-appointed expert in this case. Plaintiffs' personal injury complaint was filed on October 30, 2003, almost three and one-half years ago. As a result, plaintiffs clearly had more than an adequate opportunity to retain a medical expert for trial. Plaintiffs have not raised with this Court any unusual or

2

compelling circumstances that require a court-appointed expert. The fact that plaintiffs may not have been able to identify an expert satisfactory to them is not a compelling justification for a court-appointed expert. See 4 Weinstein's Federal Evidence (2d Ed.), §706.02[3], p. 706-8 (experts are usually appointed by a court only in exceptional cases that present unwieldy, complex or technical issues). If a court-appointed expert is necessitated in this case, then the same would be true for scores of other pending personal injury cases. Rule 706 is not designed to assist lawyers in routine cases. Further, it is not appropriate for a court to appoint a medical expert solely to benefit a party who has otherwise failed to gather such evidence. See Ford, 171 Fed. Appx. at 420.

Plaintiffs' argue they need a court-appointed expert because they cannot identify a medical expert to appear in court in Camden and give testimony at trial. Plaintiffs, of course, are not required to present their medical expert in person at trial. Plaintiffs have the right to present their expert testimony via a videotape deposition in lieu of a live appearance. See Fanelli v. Centenary College, 211 F.R.D. 268, 270 (D.N.J. 2002); Lithuanian Commerce Corp., Ltd. v. Sara Lee Hoisery, 23 F.Supp.2d 509, 512 (D.N.J. 1998).

Plaintiffs' Motion also asks this Court to "allow the deposition of any medical expert who agrees to be deposed by the plaintiffs." See Doc. No. 45, ¶2. Plaintiffs' request is far from clear. To the extent plaintiffs ask this Court to identify a medical expert for them, the request is denied. This Court

3

obviously has no role to play in plaintiffs' selection of a medical trial expert.  If plaintiffs' request leave to take a *de bene esse* trial deposition of a medical expert in lieu of live testimony at trial, the Court will entertain this request if made in writing. If plaintiffs and defendant cannot agree on the date for the deposition, plaintiffs should contact the Court after satisfying the requirements of L. Civ. R. 37.1(b)(1). This issue should first be presented to defense counsel before it is raised with this Court.  However, this Court wants to make it clear that nothing in this Order should be read to extend the deadlines in the January 18, 2007 Amended Scheduling Order requiring plaintiffs' expert reports to be served no later than March 23, 2007.[1]

    Defendant filed a Certification in opposition to plaintiffs' motion which does not address plaintiffs' substantive arguments. [Doc. No. 48].  Defendant argues that since the Pro Hac Vice Motion of Anthony Caliendo was denied, he is not authorized to file a motion on behalf of his co-plaintiff wife.  For purposes of the instant motion, the Court deems Mr. Caliendo to be acting in his *pro se* capacity.  Defendant's objection is therefore overruled.

---

1.  The Order provides that treating physicians shall not be considered expert witnesses and shall be treated as fact witnesses who are, however, required to provide reports and records concerning their treatment. [See Doc. No. 40].  However, if a doctor is going to express an opinion as to the cause of a particular condition or as to the future prognosis of a particular condition, the doctor shall be considered an expert subject to the requirements of Fed. R. Civ. P. 26(a)(2)(B). Id.

4

Accordingly, for all the foregoing reasons,

IT IS HEREBY ORDERED this 29th day of March, 2007, that plaintiffs' "Motion for Appointment of Expert Medical Expert under Rule 706 Fed. R. of Evidence and/or Allowance to Depose a Medical Expert Witness" is DENIED.

                                            s/ Joel Schneider
                                            JOEL SCHNEIDER
                                            United States Magistrate Judge