[Doc. Nos. 50, 51]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MARY JANE CALIENDO, et al., | |
| Plaintiff, | |
| v. | Civil No. 03-5145 (JBS) |
| TRUMP TAJ MAHAL ASSOCIATES, | |
| Defendant. | |

**OPINION AND ORDER**

This matter is before the Court on two motions filed by plaintiffs. On April 2, 2007, plaintiffs filed a "Motion for Partial Waiver of Requirement of Rule 101 or Appointment of Local Counsel for Compliance." [Doc. 50]. On April 23, 2007, Plaintiff Mary Jane Caliendo filed a "Motion for Ruling as to Her Right to be Represented by Attorney Anthony R. Caliendo at Trial." [Doc. No. 51]. Both motions seek essentially the same relief. Plaintiffs ask the Court to waive the requirement in L. Civ. R. 101.1(c)(4) that out-of-state attorneys admitted *pro hac vice* must associate with a qualified New Jersey attorney who is a member of the bar of this court. For the reasons to be discussed, plaintiffs' Motions are DENIED.

Background

This case arises out of a fall down accident that occurred in defendant's hotel and casino in Atlantic City, New Jersey, on September 19, 2002. Plaintiff Mary Jane Caliendo alleges defendant is responsible for her fall when she was taking a shower. Her husband, Anthony Caliendo, is making a claim per quod. When

plaintiffs filed their complaint on October 30, 2003 [Doc. No. 1] they were represented by counsel. On October 12, 2004, the Honorable Joel B. Rosen, U.S.M.J., granted the Motion to Withdraw as Counsel filed by the attorney who had been representing plaintiffs. [Doc. No. 15]. Since October 12, 2004, plaintiffs have been representing themselves. Fact discovery is complete and the Final Pretrial Conference is scheduled for May 29, 2007. A trial date has not been set.

Mr. Caliendo alleges that he "has been a member of the Massachusetts Bar since 1953, [he] was admitted to the U.S. 1st District Court, and [he] has experience in litigating cases." See Doc. No. 51, ¶10. In their moving papers plaintiffs ask the Court to Order that Mr. Caliendo be admitted as *pro hac vice* counsel to represent his wife at trial without satisfying the requirement in the Local Civil Rules of Procedure that a New Jersey attorney must move for his admission. Plaintiffs argue that they have been unsuccessful in identifying a local attorney to act as their New Jersey counsel. Id. at ¶10.[1]

Discussion

L. Civ. R. 101.1 sets forth a straightforward but necessary procedure for an out-of-state attorney to appear and represent a client in this court. An attorney may be admitted *pro hac vice* if

---

1. On March 5, 2007, this Court denied Mr. Caliendo's February 4, 2007 letter request to be admitted *pro hac vice* on the ground that he did not satisfy the requirements of L. Civ. R. 101.1 for the admission of out-of-state attorneys. See Doc. No. 43. On March 7, 2007, defendant opposed Mr. Caliendo's admission. Defendant argued that since Mr. Caliendo will be a trial witness he should be barred from also acting as his wife's attorney. See Doc. No. 44. Defendant has not opposed the instant Motions.

2

the attorney is (1) a member of the bar of another federal court or of the highest court of any state, (2) in good standing before such court, (3) not under suspension or disbarment by any court, state or federal, and (4) not admitted to practice by the New Jersey Supreme Court.[2] Although not clear at this time, it appears that Mr. Caliendo may be able to satisfy these requirements. However, the Local Rules also provide that in an instance where an attorney is admitted pro hac vice, "an appearance as counsel of record shall be promptly filed by a member of the bar of this Court upon whom all notices, orders and pleadings may be served...." See L. Civ. R. 101.1(c)(4). Only an attorney at law of this court may file papers, enter appearances for parties, sign stipulations, or sign and receive payments on judgments, decrees or orders. Id.

The requirement for a New Jersey attorney to enter an appearance serves three important purposes: (1) members of the local bar are familiar with the rules and customs of this court and are expected to educate *pro hac* attorneys on, and enforce, those rules and customs; (2) members of the local bar of this court are more readily available than *pro hac* attorneys for conferences or other matters which arise in the course of litigation, and; (3) the court looks to members of the local bar to serve as a liaison between it and *pro hac* attorneys and to ensure effective communications between the court and *pro hac* attorneys. Ingemi v.

---

2. The Local Rules also require that an attorney admitted *pro hac vice* make a payment to the New Jersey Lawyer's Fund for Client Protection as provided by New Jersey Court Rule 1:28-2(a). In addition, a payment of $150.00 is required for each admission payable to the Clerk, U.S.D.C. See L Civ. R. 101.1(c)(2) and (3).

3

Pelino & Lentz, 866 F.Supp. 156, 162 (D.N.J. 1994) (quoting U.S. Dist. Ct. Rules, Comment 3(c), Hofmann v. Marino Games, Civ. No. 90-0267 (NMP)(D.N.J. letter-op. filed October 31, 1990)).

Plaintiffs have not cited any authority in support of their Motions and this Court has not identified a reported case discussing the specific relief requested by plaintiffs. Nevertheless, the Local Rules provide that, "any Rule may be relaxed or dispensed with by the Court if adherence would result in surprise or injustice." See L. Civ. R. 83.2(b). Despite Rule 83.2(b), however, this Court denies plaintiffs' Motions because they have not demonstrated good cause to excuse their compliance with L. Civ. R. 101.1(c)(4). Plaintiffs' former attorney withdrew his appearance approximately 2 ½ years ago. Therefore, Mr. Caliendo has certainly had an adequate opportunity to search for and retain a qualified New Jersey attorney to sponsor his admission. This point is supported by the fact that Judge Rosen's October 12, 2004 Order gave plaintiffs, "sixty days within which to obtain alternative representation." [Doc. No. 15, p. 2]. Plaintiffs cannot complain that they are surprised by the requirements in the Local Rules since "all litigants who wish to bring their cases in federal court must know and abide by both the Federal and Local Rules of Civil Procedure". See Sheets v. Schlear, 132 F.R.D. 391, 393 (D.N.J. 1990). Further, since Mr. Caliendo alleges he has litigation experience and he has been an attorney for over 50 years, he is or should be aware of the requirements in the Local Rules. In addition, plaintiffs have not presented any evidence to support their professed inability to

4

obtain New Jersey counsel to sponsor their admission. There are thousands of attorneys in New Jersey and this Court is not persuaded that plaintiffs have exhausted all reasonable efforts to identify a qualified attorney to represent them. Plaintiffs also do not argue that they do not have the financial resources to hire a New Jersey attorney.

This Court agrees with the decision in Ingemi, supra, 866 F.Supp. at 162, which stated, "New Jersey asserts a strong public policy interest in enforcing court rules for *pro hac vice* counsel that ... [the] Court will honor." Further, this Court agrees that there is a "very real necessity" to follow the *pro hac vice* requirements set forth in the Local Rules. Id. Accordingly, since the requirements of Local Rule 101.1(c)(4) serve important public policy purposes, and plaintiffs have not demonstrated good cause to excuse the requirement that a qualified New Jersey attorney must move for their admission *pro hac vice*,

IT IS HEREBY ORDERED this 1st day of May, 2007, that plaintiffs' "Motion for Partial Waiver of Requirement of Rule 101 or Appointment of Local Counsel for Compliance" and "Motion for Ruling as to ... [Mary Jane Caliendo's] Right to be Represented by Attorney Anthony R. Caliendo at Trial" are DENIED.[3]

                                                 s/ Joel Schneider
                                                 JOEL SCHNEIDER
                                                 United States Magistrate Judge

---

3. For the reasons previously discussed, this Court rejects plaintiffs' request that the Court appoint a New Jersey attorney to move their *pro hac* admission.